AUGUST G. CLAMBOUR, Respondent, *v.* GERSETA CORPORATION, Appellant.

First Department, October 31, 1924.

Sales — action by seller after refusal of buyer to accept fifty bales of Japanese silk — no proof of weight of bales — contract governed by rules of Silk Association of America — said rules allow variation of five per cent from usual weight — plaintiff is entitled to recover contract price for ninety-five per cent of usual weight of fifty bales.

In an action by a seller of fifty bales of Japanese silk to recover the purchase price, the seller is entitled to recover at the agreed price for ninety-five per cent of the usual weight of the bales, where it appears that there s no proof of actual weight, and that the rules of the Silk Association of America, which, under the contract of sale, govern the rights of the parties, provide for the usual weight of a bale, and that a variation of five per cent in the weight may be allowed.

APPEAL by the defendant, Gerseta Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1923, upon the verdict of a jury rendered by direction of the court.

*Hays, Podell & Shulman* [*Herman Shulman* of counsel; *Jacob J. Podell* and *Mortimer Hays* with him on the brief], for the appellant.

*Harry C. Kayser* [*Webster J. Oliver* with him on the brief], for the respondent.

SMITH, J.:

The plaintiff here, as seller, has sued the defendant, the buyer, for failure to perform its contract to take fifty bales of Japanese silk. The contract provided that they were to be taken in installments, ten bales at a time. There was no proof of the actual weight of the bales. The contract further provided that the rules of the Silk Association of America should be deemed a part thereof and govern the rights of the parties thereunder. Under the rules of the Silk Association of America the relations of the parties are thus defined:

" Deliveries — Seller should notify Buyer of readiness to deliver in accordance with contract terms of delivery, and Buyer is under equal obligation to call for silk when due him, but inadvertent failure of either party to tender or call for delivery, shall not void contract where readiness to deliver can be proved. * * * Bale Weights. A contract calls for the delivery of a number of bales or pounds varying on the average not more than 5 per cent. from the following usual bale weights: * * * Japans 135 pounds net."

Twenty bales at 135 pounds would make 2,700 pounds. But

the rule further says: " Variation in weight beyond the allowed 5 per cent. shall not be cause for cancellation of contract, but may be adjusted with Seller at market rates at the time of delivery."

The majority of the court are of the opinion that under these rules a verdict can be directed only for this 2,700 pounds, less five per cent thereof, or 2,565 pounds.   Recovery has been had under the direction of the court for 2,627 pounds.   In accordance with this rule the judgment directed should have been only for $7,581.21.

The judgment should be reduced accordingly and the judgment as modified should be affirmed, without costs to either party.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment modified by reducing amount thereof to the sum of $7,703.41, and as so modified affirmed, without costs.